IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HUMBERTO LAGAR,

                Petitioner,                   OPINION AND ORDER

v.                                             13-cv-489-wmc

LIZZIE TEGELS, Warden,
Jackson Correctional Institution,

                Respondent.

Petitioner Humberto Lagar has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging one or more adverse decisions by the Wisconsin Parole Commission. He has filed more than one amendment or supplement to his petition. He has also filed a motion for a preliminary injunction, which the court construes as a brief in support of his request for relief under § 2254. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. For reasons set forth below, the court concludes that the petition must be dismissed for reasons set forth below.

## FACTS

Lagar was convicted of possession with intent to deliver cocaine within a school zone in Milwaukee County Case No. 95CR2577. On February 16, 1996, the circuit court sentenced him as a repeat offender to serve twenty years in prison. He was given a mandatory release date of October 8, 2009, and a discharge date of November 29, 2015.

Lagar does not challenge the validity of his underlying conviction or sentence. Instead, he challenges an adverse decision by the Parole Commission, which denied him

1

"presumptive" mandatory release that was scheduled for October 8, 2009. Exhibits provided by Lagar reflect that the Parole Commission denied him release because: (1) he refused to participate in an Alcohol and Other Drug Abuse ("AODA") treatment program as recommended by prison social workers; and (2) for protection of the public. For these same reasons, the Parole Commission denied him release in two subsequent decisions on August 10, 2010, and on August 14, 2012.

Lagar maintains that he does not need drug or alcohol treatment and that by repeatedly withholding his mandatory release he has been subjected to "involuntary commitment." Construed generously, petitioner claims that the Parole Commission has denied him early release from prison in violation of his right to due process. Based on the allegations and the exhibits that Lagar provides in this case, he has not exhausted available state court remedies with respect to his claims. As a result, it appears further that review is barred by the doctrine of procedural default for reasons outlined briefly below.

OPINION

I. Exhaustion of State Remedies

The federal habeas corpus statutes require a petitioner to exhaust all remedies that are "available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A). When a state prisoner alleges that his continued confinement violates federal law, the doctrine of exhaustion ensures that state courts have "the first

opportunity to review this claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To satisfy the requirement found in § 2254(b), "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement." *Id.* at 839-40. Thus, in order to exhaust remedies in Wisconsin, habeas petitioners must present their claims for discretionary review by the Wisconsin Supreme Court. *See Moore v. Casperson*, 345 F.3d 474, 485-86 (7th Cir. 2003).

In Wisconsin, a prisoner may appeal a parole commission's adverse decision "only by the common law writ of certiorari." Wis. Stat. § 302.11(1g)(3)(d). In this instance, Lagar did not file a common law writ of certiorari in circuit court to challenge any of the adverse decisions referenced in his pleadings. Instead, he filed a petition for a writ of habeas corpus, which the circuit court dismissed on May 7, 2013. *See Lagar v. Tegels*, Case No. 2013CV1572. Lagar filed a notice of appeal, but voluntarily dismissed that proceeding in June 2013. *See Lagar v. Tegels*, Appeal No. 2013AP1182.

Lagar filed another petition for a writ of habeas corpus seeking relief from the Parole Commission's adverse decision pursuant to Wis. Stat. § 782.01(2). *See Lagar v. Tegels, et al.*, Jackson County Case No. 2013CV108. That case was transferred to Milwaukee County, where it was dismissed on August 22, 2013. *See Lagar v. Tegels, et al.*, Case No. 2013CV6282. Lagar did not file an appeal from that decision.

Noting that his habeas corpus petitions have been dismissed in state court, Lagar appears to claim that exhaustion is futile. However, a petitioner "cannot simply opt out

3

of the state review process because he is tired of it or frustrated by the results he is getting." *Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir. 1995). If the petitioner misses the opportunity to properly present a claim to the state courts, then federal review of the claim is forfeited. *See Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007). In that regard, when a prisoner fails to exhaust remedies and it is too late for him to do so, federal review is barred by the doctrine of procedural default. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

## II. Doctrine of Procedural Default

Where a procedural default has occurred, federal habeas corpus review is available only if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Steward v. Gilmore*, 80 F.3d 1205, 1211-12 (7th Cir. 1996). Cause to overcome a procedural default requires a showing "that some objective factor" that prevented compliance with the procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show prejudice, a petitioner must present evidence that the alleged violations "worked to his actual and substantial disadvantage," which infected his entire proceeding with "error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (citation omitted).

Because procedural default is an affirmative defense, Lagar was not required to

show cause and prejudice or actual innocence in his petition. *Perruquet*, 390 F.3d at 515. Nevertheless, a court may raise an affirmative defense before requiring the respondent to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss."). In light of the petitioner's apparent failure to exhaust administrative remedies in compliance with state law, a motion to dismiss the petition as procedurally barred is "inevitable" in this case. Therefore, Lagar will be allowed an opportunity to overcome his default by supplementing his petition to explain with more detail regarding (1) what cause he may have for his failure to properly present his defaulted claims to the Wisconsin Supreme Court through a common law writ of certiorari pursuant to Wis. Stat. § 302.11(1g)(3)(d); and (2) what prejudice he suffered as a result of his failure to raise these claims properly.

Lagar should label his response as a "supplement" to his petition for a writ of habeas corpus under 28 U.S.C. § 2254, and he must make sure to declare that any statements he makes in the supplement are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner).

ORDER

IT IS ORDERED THAT:

1. Petitioner Humberto Lagar is directed to show cause, if any, by responding in

writing within thirty (30) days of the date of this order why his petition should not be dismissed as barred by the doctrine of procedural default.

2. Petitioner is advised that, if he does not respond to this order as directed, then this case may be dismissed for want of prosecution without further notice under Fed. R. Civ. P. 41(b).

Entered this 26th day of March, 2014.

BY THE COURT:

WILLIAM M. CONLEY
District Judge