IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HUMBERTO LAGAR,

                Petitioner,                OPINION AND ORDER

        v.                                13-cv-489-wmc

LIZZIE TEGELS, Warden,
Jackson Correctional Institution,

                Respondent.

---

On October 23, 2015, this court denied petitioner Humberto Lagar's petition for a writ of habeas corpus under 28 U.S.C. § 2254, in which he had argued that the Parole Commission's decision to keep him incarcerated beyond his September 8, 2009, presumptive mandatory release for refusing to participate in a Residential Alcohol and Other Drug Abuse ("AODA") treatment program violated his constitutional rights. (Dkt. #47.) The court concluded that Lagar did not have a protectable liberty interest in parole under the presumptive mandatory release scheme that governed his sentence, nor did he have a protectable liberty interest in not being required to participate in a treatment program as a condition of parole. Additionally, Lagar had not shown that he had been deprived of a liberty interest created by the presumptive mandatory release statute itself by being required to participate in the particular AODA program offered at Jackson Correctional Institution.

Lagar has now filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). He argues that the court erred by rejecting his arguments that requiring treatment as a condition of parole was unconstitutional because the treatment requirement: (1) was akin to forcing someone to take antipsychotic medication; (2) improperly punished him for

1

being a drug addict; and (3) violated the presumptive mandatory release statute's prohibition on conditioning parole on certain types of treatment programs.

Lagar's arguments are meritless. The court already considered and rejected each of these arguments in the October 23, 2015 decision. (Dkt. #47 at 5-7.) With respect to the first two arguments, Lagar simply repeats the same arguments he made previously; he has cited no new evidence or legal authority that was not already considered and addressed in the previous decision. The court declines to address those arguments further.

With respect to the third argument, Lagar argues that this court erred in concluding that the Parole Commission's decision to condition his parole on completing treatment violated the presumptive mandatory release statute, Wis. Stat. § 302.11(1g)(b)(2), which states that the "parole commission may not deny presumptive mandatory release to an inmate because of the inmate's refusal to participate in a rehabilitation program *under s. 301.047*." Wis. Stat. § 302.11(1g)(b)(2) (emphasis added). In the October 23, 2015, decision, this court rejected this argument because Lagar had failed to prove that Jackson's residential AODA program qualified under § 301.047, as that statute relates only to inmate rehabilitation programs run by "nonprofit community-based organizations" and meeting a number of requirements, including that the organization receive no compensation from DOC and agrees to provide "community-based aftercare services for each inmate who completes the program." Wis. Stat. § 301.047(1),(2). Lagar had not shown that Jackson's AODA program was operated by a nonprofit community based organization meeting those requirements. (Dkt. #47 at 8.) Accordingly, Lagar's "new evidence" does not undermine this court's previous decision.

2

In what is apparently an attempt to make these showings, Lagar has attached to his Rule 59(e) motion a brochure from "Horizon Healthcare," describing the services it provides. (Dkt. #49-3). But nothing in the brochure establishes that the program Horizon provides at Jackson meets the requirements of § 301.047. The brochure does not describe Horizon as a "nonprofit community based organization" or an organization that provides "community-based aftercare services for each inmate who completes the program."

To prevail on a Rule 59(e) motion, Lagar must "clearly establish" (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (*quoting Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)). Because Lagar has not met this burden, his motion will be denied.

ORDER

IT IS ORDERED THAT Humberto Lagar's Motion to Alter or Amendment the Judgment under Fed. R. Civ. P. 59(e) is DENIED.

Entered this 7th day of March, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge